UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| EUN JOO BAE, ) | |
| ) | |
| Plaintiff, ) | Case No. 15-cv-5782 |
| ) | |
| v. ) | Judge Sharon Johnson Coleman |
| ) | |
| SEOUL SUPERMARKET, INC. and ) | |
| SUK HUI PARK ) | |
| ) | |
| Defendants. ) | |

## ORDER

The plaintiff in this action, Eun Joo Bae, filed a series of complaints alleging that the defendants, Seoul Supermarket, Inc. and Suk Hui Park, violated the Fair Labor Standards Act and the Illinois Minimum Wage Law. The defendants, represented by Sang Shim from the Law Office of Samuel Shim, filed a counterclaim against Bae alleging that she had defamed them by filing her three complaints in this action. Bae filed a motion to strike the counterclaim and asked this Court to sanction the defendants for filing it. The defendants, having substituted new counsel, withdrew their counterclaim and conceded that it was without merit. This Court issued an order to show cause, and a hearing was held at which Sang Shim and Suk Hui Park testified. For the reasons set forth below, this Court holds that sanctions are warranted against Sang Shim and the Law Office of Samuel Shim for filing a legally frivolous counterclaim against the defendants.

## STATEMENT

Federal Rule of Civil Procedure 11(b) provides that an attorney, by signing and filing a pleading with the Court, certifies both that "(1) it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation" and "(2) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law". When

Rule 11(b) is violated, the court may impose an appropriate sanction on any attorney, law firm, or party responsible for the violation. Fed. R. Civ. P. 11(c)(1).

It is beyond well established that "[P]leadings in a judicial proceeding are absolutely privileged and cannot ordinarily form the basis of a defamation action." *Defend v. Lascelles*, 500 N.E.2d 712, 715, 149 Ill.App.3d 630 (1986); *see also Restatement (Second) of Torts*, § 587, at 248 (1977) ("A party to a private litigation . . . is absolutely privileged to publish defamatory matter concerning another in communications preliminary to a proposed judicial proceeding, or in the institution of or during the course and as a part of, a judicial proceeding in which he participates, if the matter has some relation to the proceeding."). Sang Shim acknowledges as such, but contends that the litigation privilege does not apply in this case because the allegedly false statements contained in the plaintiff's complaints were shared with others outside of the context of this legal proceeding. *See, e.g, Shield Tech. Corp. v. Paradigm Positioning LLC,* No. 11 C 6183, 2012 WL 4120440, at *3 (N.D. Ill. Sept. 19, 2012) (Grady, J.) (recognizing that the litigation privilege did not apply where the defendant alleged that the plaintiff had made defamatory statements "separate from or apart from this instant legal proceeding"). Whether or not the plaintiff did share the contents of her complaints with others, the defendants' counterclaim here is solely and unambiguously based on the allegation that "[t]he statements contained in Bae's complaints which were published on June 30, 2015, October 23, 2015, and January 20, 2016, respectively are false and defamatory." June 30, 2015, October 23, 2015, and January 20, 2016 are the dates that each of the plaintiff's complaints was filed with this Court. It is therefore apparent that the defendants' counterclaim, as it is pled, is clearly barred by the litigation privilege and is frivolous.

This Court accordingly holds that Sang Shim violated Rule 11(b) by filing that counterclaim. As sanctions for this violation, this Court will require Sang Shim and the Law Office of Samuel Shim to pay the reasonable attorney's fees and costs that Bae incurred in responding to this frivolous

counterclaim and appearing at the show cause hearing. By May 2, 2016, Bae must file a fee petition detailing the attorney's fees and costs that she incurred as a result of the counterclaim [55]. Any response to the fee petition is due by May 9, 2016. An order setting the amount of the sanctions to be imposed will subsequently enter.

      SO ORDERED.

                                                                               SHARON JOHNSON COLEMAN
                                                                               United States District Court Judge

DATED:       April 25, 2016